UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KAMERON LESLIE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 1:22-CV-16-TAV-SKL |
| HAMILTON COUNTY SHERIFF'S OFFICE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 in which Plaintiff complains that (1) he did not receive mail sent to him for months due to Defendant Hamilton County Sheriff's Office's ("HCSO") mail system, and (2) he has not accepted mental health care treatment in the jail because the medical staff does not conduct such treatment in accordance with the Health Insurance Portability and Accountability Act ("HIPPA") [Doc. 1]. For the reasons set forth below, this action will proceed against Hamilton County only as to Plaintiff's claim that, due to a custom or policy of this municipality, he did not receive mail for months.

I.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir.

1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. COMPLAINT ALLEGATIONS

In his complaint, which the Clerk docketed on January 19, 2022, Plaintiff alleges that in June of 2021, Defendant HCSO implemented a mail system that caused Plaintiff not to receive mail for four months [Doc. 2 p. 4]. Specifically, Plaintiff claims that Defendant HCSO directed him to have his friends and family send mail to an address in Lebanon,

2

Missouri [*Id.*]. But other inmates still received mail at the address the jail previously used for mail, and mail sent to Plaintiff did not "show[] up on the kiosk screen even though his loved ones had sent him mail to the Missouri mailing address" [*Id.*]. Plaintiff further states that mail that his family sent to him in August was sent back to them, and Defendant HCSO directed his family to send it to the Lebanon address, but Plaintiff still has not received that mail [*Id.* at 5].

Later in his complaint, Plaintiff states that, on an unspecified date in 2021, an officer told Plaintiff to have his friends and family resume sending mail to the physical address the jail used for mail prior to the Lebanon address, Plaintiff complied with this directive, and Plaintiff received mail [*Id.* at 12]. However, in August, Plaintiff would get different answers about when he would get mail from different officers, and officers did not always properly or timely distribute mail [*Id.*]. Also in August, Plaintiff received a notice that mail his family had sent to him at the physical jail mail address had been sent back to his family without warning, and Plaintiff "has[] [not] received mail sent to the instructed address since then" [*Id.* at 12–13].

Plaintiff additionally complains that he has not received medical treatment from Defendant HCSO [*Id.* at 5]. In support of this assertion, Plaintiff states that the jail mental health staff talk to inmates in the middle of a pod with sixty-four beds in violation of HIPAA, but he is not comfortable speaking about his mental health issues in front of other people, so he just "pray[s] on it" [*Id.* at 5]. He also notes that another jail inmate filed a grievance about HIPAA privacy and confidentiality issues, but a jail official responded to

3

that grievance by stating that the staff is aware of HIPAA requirements but cannot always comply with them "due to limited space" [*Id.* at 14].

Plaintiff claims that he experienced "mental anguish [and] emotional distress" due to not hearing from his family and friends, and he requests that the Court change the HCSO mail policy and award him monetary damages for emotional distress and his resulting mental health issues [*Id.* at 5]. Plaintiff also claims that the stress of not receiving his mail has caused him to have high blood pressure [*Id.* at 13].

## III. ANALYSIS

First, as set forth above, Plaintiff states that the mental health care providers at the Hamilton County Jail do not follow HIPAA privacy and confidentiality requirements, and therefore he has chosen not to receive mental health care treatment in the jail. But Plaintiff does not allege that Hamilton County or any person has denied him mental health care treatment, and instead indicates that he has declined such treatment. And while Plaintiff states that he chooses not to receive this mental health care treatment due to the medical staff's failure to comply with HIPAA, this allegation does not state a claim upon which relief may be granted under § 1983, as "[c]ourts have repeatedly held that HIPAA does not create a private right" and "cannot be privately enforced . . . via § 1983." *Crockett v. DCSO Med. Dep't*, No. 3:20-CV-00322, 2020 WL 5893824, at *2 (M.D. Tenn. Oct. 5, 2020) (citations omitted). Accordingly, Plaintiff's allegations regarding his lack of mental health care treatment fail to state a claim upon which relief may be granted under § 1983, and they will be **DISMISSED**.

4

Additionally, the Hamilton County Sheriff's Office is not a "person" subject to suit under § 1983. *See Anciani v. Davidson Cty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Thus, this Defendant will be **DISMISSED**.

Also, while Plaintiff alleges that various officers did not properly or timely distribute inmate mail on different occasions, he has not sued these individuals, nor does he set forth facts from which the Court can plausibly infer that any of these acts violated his constitutional rights, or that these acts resulted from a custom or policy of Hamilton County. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983, and they will be **DISMISSED**.

However, while the complaint is less than clear, liberally construing it in Plaintiff's favor, Plaintiff alleges that he did not receive mail from his family and/or friends for months due to a custom or policy of Hamilton County. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). As this allegation alleges a violation of Plaintiff's constitutional rights for which Hamilton County may be liable under § 1983, *see Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (providing that a prisoner has "a liberty interest in receiving his mail") (citing *Procunier v. Martinez*, 416 U.S. 396, 428 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989)), the Clerk will be

5

**DIRECTED** to substitute Hamilton County as a Defendant in this action in the place of Defendant HCSO, and this claim will proceed against this municipality.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, except as to Plaintiff's claim that a custom or policy of Hamilton County caused him not to receive mail for months;

2. The Clerk is **DIRECTED** to substitute Hamilton County as a Defendant herein in the place of Defendant HCSO;

3. Defendant HCSO and all claims except Plaintiff's claim that a custom or policy of Defendant Hamilton County caused him not to receive mail for months are **DISMISSED**;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Hamilton County;

5. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

6. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

7. Service on Defendant Hamilton County shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

9. Defendant Hamilton County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If this Defendant fails to timely respond to the complaint, it may result in entry of judgment by default; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Hamilton County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE