UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KAMERON LESLIE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:22-CV-16-TAV-SKL |
| HAMILTON COUNTY, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This pro se action for violation of 42 U.S.C. § 1983 is proceeding against Defendant Hamilton County only as to Plaintiff's claim that, while he was in the Hamilton County Silverdale Detention Center, he did not receive mail for months [Doc. 7, pp. 4–6]. Now before the Court is Defendant Hamilton County's motion for summary judgment [Doc. 26], in support of which it filed a memorandum [Doc. 27] and sworn affidavits and exhibits [Docs. 27-1–27-11]. Plaintiff did not file a response, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff has waived any opposition to the motion. E.D. Tenn. L.R. 7.2.

Defendant Hamilton County has set forth undisputed proof that the disruptions to Plaintiff's receipt of mail were not due to its custom or policy. Thus, Defendant Hamilton County's motion for summary judgment [Doc. 26] will be **GRANTED**, and this action will be **DISMISSED**.

I. **STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

II. **ANALYSIS**

First, Plaintiff's complaint is not sworn [Doc. 2, p. 11].[1] Thus, the Court does not accept any of the facts therein as true for purposes of summary judgment. *El Bey v. Roop*,

---

[1] Plaintiff certifies that his complaint does not violate Rule 11 of the Federal Rules of Civil Procedure [Doc. 2, p. 11]. But this certification does not state that Plaintiff verifies that the facts therein are true under penalty of perjury or otherwise substantially comply with 28 U.S.C. § 1746.

2

530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements in evaluating a motion for summary judgment).

Also, as set forth above, Plaintiff did not file a response in opposition to Defendant Hamilton County's summary judgment filings. As such, the Court considers the factual allegations in the affidavits Defendant Hamilton County filed in support of its motion for summary judgment [Docs. 27-1, 27-5, 27-10] undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2) (providing that when "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment).

Defendant Hamilton County has met its burden to establish that no reasonable juror could find it liable under § 1983 for the disruptions in Plaintiff's receipt of mail. As a municipality, Defendant Hamilton County cannot be held liable under § 1983 for any "injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. A plaintiff asserting a § 1983 claim for municipal liability based on the existence of a custom or policy must identify the policy, connect it to the municipality, and demonstrate that the injury was incurred because of the execution of that

3

policy. *Graham ex rel. Est. of Graham v. City. of Washtenaw*, 358 F.3d 377, 388 (6th Cir. 2004). "There must be a 'direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id.* at 383 (citations omitted).

The Court previously summarized the relevant portions of Plaintiff's complaint that set forth his claim proceeding herein as follows:

> In his complaint, which the Clerk docketed on January 19, 2022, Plaintiff alleges that in June of 2021, [the Hamilton County Sheriff's Office] implemented a mail system that caused Plaintiff not to receive mail for four months [Doc. 2, p. 4]. Specifically, Plaintiff claims that [the Hamilton County Sheriff's Office] directed him to have his friends and family send mail to an address in Lebanon, Missouri [*Id.*]. But other inmates still received mail at the address the jail previously used for mail, and mail sent to Plaintiff did not "show[] up on the kiosk screen even though his loved ones had sent him mail to the Missouri mailing address" [*Id.*]. Plaintiff further states that mail that his family sent to him in August was sent back to them, and [the Hamilton County Sheriff's Office] directed his family to send it to the Lebanon address, but Plaintiff still has not received that mail [*Id.* at 5].
>
> Later in his complaint, Plaintiff states that, on an unspecified date in 2021, an officer told Plaintiff to have his friends and family resume sending mail to the physical address the jail used for mail prior to the Lebanon address, Plaintiff complied with this directive, and Plaintiff received mail [*Id.* at 12]. However, in August, Plaintiff would get different answers about when he would get mail from different officers, and officers did not always properly or timely distribute mail [*Id.*]. Also in August, Plaintiff received a notice that mail his family had sent to him at the physical jail mail address had been sent back to his family without warning, and Plaintiff "has[] [not] received mail sent to the instructed address since then" [*Id.* at 12–13].

[Doc. 7, pp. 1–2].

In its summary judgment filings, Defendant Hamilton County does not dispute that Plaintiff's receipt of mail was disrupted in the manner he sets forth in the complaint.

4

Instead, Defendant Hamilton County sets forth sworn proof that the mail disruptions during the time period relevant to Plaintiff's complaint were not due to its custom or policy but instead were due to logistical challenges and/or employee negligence during the transition of control of the Hamilton County Detention Center from CoreCivic to the Hamilton County Sheriff. Specifically, Defendant Hamilton County has filed proof that, during this transition of control and the time period relevant to Plaintiff's complaint, (1) the need for additional kiosks for inmate mail required that jail employees, rather than Securus Technologies, physically screen inmate mail temporarily, even though Securus was normally responsible for that task; (2) Lt. Minton, the individual responsible for communicating and coordinating delivery of inmate mail with Securus, retired; and (3) jail officials failed to ensure that another jail employee took over Lt. Minton's role of coordinating inmate mail with Securus when Securus resumed screening inmate mail after Lt. Minton's retirement, among other things [Doc. 27-1, pp. 1–5; Doc. 27-5, pp. 1–5; Doc. 27-8, pp. 1–5; Doc. 27-10, pp. 1–5]. Defendant Hamilton County has also filed evidence that its mail policy, on its face, "meets or exceeds" the standards of the American Corrections Association and the Tennessee Corrections Institute, and that it does not have a custom or policy of denying mail to inmates [Doc. 27-8, pp. 3–4].

As set forth above, Plaintiff has not responded to Defendant Hamilton County's summary judgment motion or otherwise set forth admissible evidence from which a reasonable juror could find that Defendant Hamilton County's custom or policy caused the mail receipt disruptions he alleges in his complaint. And the Supreme Court has found

5

Case 1:22-cv-00016-TAV-SKL   Document 33   Filed 09/14/23   Page 5 of 6   PageID #: 317

that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Accordingly, Defendant Hamilton County is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, Defendant Hamilton County's motion for summary judgment [Doc. 26] will be **GRANTED**, Plaintiff's pending motion for service of subpoenas [Doc. 31] will be **DENIED,** and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE